UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JOHN ANDREW MORGAN, CHRISTINA MARIE      Case No. 10-20459
SIMPSON, MICHAEL GLENN ISRAEL, MICHAEL      Honorable Julian Abele Cook, Jr.
WOOD, and TIMOTHY MORGAN,

      Defendants.

ORDER

On July 22, 2010, the grand jury issued a five-count indictment which accused the Defendants, John Andrew Morgan, Christina Marie Simpson, Michael Glenn Israel, Michael Wood, and Timothy Morgan, of committing the following federal criminal offenses:

(1) establishing a methamphetamine manufacturing operation in violation of 21 U.S.C. § 856(a)(1) [applicable only to John Andrew Morgan in Count I];

(2) engaging in a conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) [pertaining only to John Andrew Morgan, Glenn Israel, and Michael Wood in Count II];

(3) endangering a child in violation of 21 U.S.C. § 860a [relating only to John Andrew Morgan in Count III], and

(4) making false statements to law enforcement officials in violation of 18 U.S.C. § 1001(a)(2) [pertaining only to Christina Marie Simpson and Timothy Morgan in Counts IV and V].

On July 20, 2011, four of the Defendants (Israel, Wood, Simpson and Timothy Morgan)

1

filed a joint motion which sought the dismissal of the indictment against them, citing to alleged violations of the Speedy Trial Act, 18 U.S.C. § 3161 et seq. Five days later, the Government filed a pleading in which it expressed its opposition to the Defendants' motion. For the reasons that have been stated below, the Defendants' motion will be denied.

I

On September 13 2010, the above-named four Defendants appeared for an arraignment before a magistrate judge, signed an official acknowledgment of the indictment and entered not guilty pleas with the assistance of their counsel. A scheduling order, which set the date of the jury trial for November 22, 2010, was entered thereafter. Approximately three months later, a fifth Defendant, John Andrew Morgan, appeared in a federal courtroom for the first time in this case, and, in doing so, he proffered a plea of not guilty to the charges against him during his arraignment on March 2, 2011.

With the consent, encouragement, and stipulation of the parties, several continuances of the trial date occurred in this case. The first took place on November 12, 2010, when - at the request of all the parties - the Court extended the trial date from November 22nd to January 18, 2011, based on claimed ongoing plea negotiations between the parties and various challenges that the defense counsel were facing with regard to their examination and evaluation of the discovery material. (Docket Entry No. 35). During a status conference on January 5, 2011, all of the parties agreed that they were not ready for trial. As a result, the Court adjourned the trial for another thirty days. This adjournment was memorialized in an order on February 7, 2011, and was based on (1) the inability of the parties to conduct sustained plea negotiations, and (2) the Defendants' continued inability to obtain pertinent discovery material from the Government. The trial date was thereafter set for

March 15, 2011, with the time between January 5th and March 1st being treated as statutory periods of excludable delay. During a pre-trial conference on March 1, 2011 (which was later converted into a status conference), the four Defendants asked for an adjournment of the trial date until May 17, 2011 based in part on the complaint by Simpson who asserted that she had been unable to establish any contact with her counsel. On the strength of Simpson's expressed frustrations, the Court removed her attorney from further participation with this criminal case.[1] Neither the Government nor any of the Defendants (1) objected to the exclusion of the time from March 1st through May 17th from the Speedy Trial calendar, or (2) moved for a severance of the trial.

Following a hearing on April 14, 2011 which had been originally convened to address the then-existing bond status of Michael Israel, the Court removed his attorney, whose continuing failure to appear for scheduled conferences and hearings or to undertake any reasonable action to protect the interests of his client in this case, created the realistic possibility of creating a civil rights violation in this case. In light of this development, the Court orally adjourned the trial date which was subsequently memorialized in a written order on May 17th. In an effort to accommodate the impending time impediments (i.e, the selection of substitute counsel along with an opportunity for the newly appointed attorney to explore discovery issues and file necessary defense motions), the date of the jury trial was moved to July 19, 2011. The Court treated all of the intervening time as being excludable under the Speedy Trial Act.

III.

---

[1] In an order on March 17, 2011, Simpson's then attorney was removed from the case and the Federal Defender Office in Detroit was appointed as substitute counsel on her behalf.

3

On July 20, 2011, the Defendants filed a motion to dismiss the indictment with prejudice, pointing to alleged violations of the Speedy Trial Act. According to 18 U.S.C. § 3161(c)(1), the accused must be tried within 70 days from the filing of the indictment, or from the date upon which he/she appears before a judicial officer of the court in which the charge is pending, whichever date is later.[2]

One paragraph of the Speedy Trial Act, as reflected in part in 18 U.S.C. § 3161(h), excludes certain periods of time from the calculation of the 70-day period. These authorized delays have the effect of stopping the Speedy Trial clock from running. Section 3162(a)(2) of this statute also states that if a defendant is not made available for trial within 70 non-excludable days, the indictment "shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2).[3]

---

[2]The full text of 18 U.S.C. § 3161(c)(1) provides:

[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an . . . indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

[3]18 U.S.C. § 3162(a)(2) provides:

(2) If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant. The defendant shall have the burden of proof of supporting such motion but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3). In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice. Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the

In order to evaluate the merit of the Defendants' presently pending motion, the Court must initially identify the date on which the Speedy Trial clock began to run. According to 18 U.S.C. § 3161(h)(6), a court may exclude from the Speedy Trial calendar "[a] reasonable period of delay [which occurs] when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." Courts have interpreted this language to mean that when multiple defendants are charged together, only one speedy trial clock governs. *Henderson v. U.S.,* 476 U.S. 321, 323 n.2 (1986) ("All defendants who are joined for trial generally fall within the [S]peedy [T]rial computation of the latest [co-defendant]."); *Accord, U.S. v. Sobh,* 571 F.3d 600, 602 (6th Cir. 2009) (citing *U.S. v. Cope*, 312 F.3d 757, 776 (6th Cir. 2002)); *U.S. v. Culpepper,* 898 F.2d 65, 66 (6th Cir. 1990); *U.S. v. Blackmon,* 874 F.2d 378, 380 (6th Cir. 1989); *U.S. v. Piteo*, 726 F.2d 50, 52 (2nd Cir. 1983) ("So long as the defendants in question are brought to trial within the seventy speedy trial days that began with the clock of the most recently added defendant and so long as any delay is 'reasonable,' there is no violation of the Speedy Trial Act."). Upon applying this settled precedent, the Court concludes that the Speedy Trial clock did not begin to run in this case until the arraignment of the most recently-added Defendant, John Anthony Morgan, on March 2, 2011. Absent any excludable delay, the 70-day limit for bringing the Defendants to trial would have expired on May 11, 2011. However, there are several periods of delay that have had a substantial impact on the Speedy Trial analysis here.

The law is well-settled that the excludable delay of one co-defendant may be ascribed to all defendants. *Culpepper, supra* at 67; *Blackmon, supra* at 380. Recently, in *U.S. v. Sobh,* 571 F.3d 600 (6th Cir. 2009), the Sixth Circuit Court of Appeals explained that this standard applies with

---

right to dismissal under this section.

equal force to all defendants in a case, regardless of when they were arraigned. In the case involving Sobh, he had been charged along with six other defendants in a mortgage conspiracy scheme. Sobh, who was the last defendant to enter the case, was arraigned on May 30th. However - on May 1st - prior to Sobh's arraignment, the district court granted the other defendants' request for an "ends-of justice" continuance of the trial date from May 2nd until October 10th. All of the parties, including Sobh's counsel, subsequently agreed to adjourn the October trial date to April 24th of the following year. On appeal to the Sixth Circuit, Sobh claimed, *inter alia*, that the period between May 1st and May 30th should not be treated as excludable delay, inasmuch as he was not arraigned until May 30th. Furthermore, he asserted that the Speedy Trial clock, which had not yet begun to run, could not have - logically speaking - been "tolled" twenty-nine days prior to his arraignment. The Sixth Circuit rejected this argument, noting that "the general rule that the excludable delay of one [co-defendant] is excludable delay for all [co-defendants], applies equally to earlier and later arraigned [co-defendants]." 571 F.3d at 603. On this basis, the Sixth Circuit concluded that although the 70-day speedy trial period began to run on May 31st, the "ends-of justice" continuance, which had been granted on May 1st and continued the trial date until October 10th, remained in effect. *Id.* Similarly, the Court finds here that John Anthony Morgan's entry into the case on March 2, 2011 did not disturb the continuance that had been previously entered on March 1, 2011, which (1) was designed, *inter alia,* to allow Simpson to obtain new counsel, and (2) had the effect of extending the trial date to May 17, 2011. This interpretation is consistent with other applications of this standard by the Sixth Circuit. *See, e.g.*, *Coviello v. United States*, 287 F. App'x. 503, 507 (6th Cir. 2008) (although Speedy Trial clock started on March 23rd based on arraignment of latest co-defendant, change of plea notice filed on March 18th by another co-

6

defendant resulted in excludable delay beginning on March 23rd and continuing through conclusion of "change-of-plea" hearing for the other co-defendant on April 19th). When coupled with the continuance that was granted by the Court on April 14th, and memorialized in its order of May 17th (which extended the trial date to July 19, 2011), the Court finds that the entire time period between March 2nd and July 19th amounts to an excludable delay. As of July 19th, none of the time had begun to expire from the 70-day period of the Speedy Trial clock. Moreover, the filing by the Defendants' of their pre-trial motion to dismiss on July 20th had the effect, as reflected by 18 U.S.C. § 3161(h)(1)(D), of continuing to toll the Speedy Trial clock until the date upon which the Court disposes of their request for relief. Thus, the Speedy Trial clock will not expire in this matter until the passage of 70 days after the entry of the order by the Court on this motion.

It appears that the Defendants have mistakingly failed to acknowledge the role of the latest-added Defendant, John Anthony Morgan, in calculating the appropriate starting date for the Speedy Trial clock. Rather, they urge the Court to measure the 70-day time limit from September 9, 2010 - the date upon which the other Defendants made their initial appearances. This is plainly not the standard under the existing law.

IV.

Therefore and for the reasons that have been stated above, the Defendants' motion to dismiss the indictment for a violation of the Speedy Trial Act is denied.

IT IS SO ORDERED.

Dated:  August 5, 2011           s/Julian Abele Cook, Jr.
     Detroit, Michigan          JULIAN ABELE COOK, JR.
                                              United States District Court Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 5, 2011.

s/ Kay Doaks
Case Manager
